**PEABODY COAL COMPANY,**
Respondent,

v.

**Lee Roy ARTMAN, Appellant.**

No. KCD 28794.

Missouri Court of Appeals,
Kansas City District.

Aug. 8, 1977.

Charles C. Shafer, Jr., Herman M. Shaffer, Kansas City, for appellant.

Howard C. Gosnell, Jr., Nevada, for respondent.

Before DIXON, P. J., and WASSERSTROM and TURNAGE, JJ.

PER CURIAM:

Plaintiff sued for conversion of certain steel piling allegedly taken from its Sprague Hopper. Defendant counter-claimed for defamation. The trial court, after hearing the case without a jury, entered judgment for plaintiff on its principal claim in the sum of $4,000 and against defendant on its counterclaim. Defendant appeals that portion of the judgment assessing damages against him. His single Point on Appeal relates to the sufficiency of the evidence. We affirm.

The Sprague Hopper was built in the early 1950s and consisted of an elevated structure of dirt fill with a top over which trucks could drive. Railroad tracks ran through the middle of the area, and trucks would drive up the elevated structure and unload their coal into the Hopper for loading into the railroad cars. The dirt fill was held in place by a wall of steel siding, also referred to as pilings, standing vertically. These pilings made up approximately 100 tons of steel.

By 1974 the Sprague Hopper was no longer being used and the Kansas City Southern Railroad, owner of the ties, rails and switches running through the Hopper, employed Terry Aikens to remove that equipment from the site. Some of the pilings and dirt had collapsed onto the rails. Aikens employed defendant to remove that dirt and pilings so as to permit access to the rails and ties. Permission was given to defendant to move the dirt and pilings for that purpose by John Bagby, plaintiff's land agent and supervisor of this area.

Plaintiff introduced further testimony as follows. Wehar, who lived within a quarter of a mile of the Hopper, testified that he had visited the site during the period of the salvage operation in question and had witnessed defendant cutting the pilings into sections. He had also seen defendant driving away two and perhaps as many as three loads of steel on defendant's tractor and low boy trailer. Wehar estimated the amount of steel to be 25 to 30 tons in each load. In his conversations with defendant at the site of the work, defendant had told him that his taking the steel away from the

site "was for part of his salary." Another witness, Johnson, testified that he had seen defendant driving his tractor fully loaded with steel; that defendant's tractor trailer could carry the legal limit of 20 tons; and that defendant had on that occasion inquired of Johnson where he could sell a load of steel. Another witness, Ward, testified that he had seen defendant driving a tractor trailer carrying steel with the legal load limit of 20 tons, and that the steel was like that which he had seen at the Sprague Hopper. (Defendant in the course of his own testimony also stated that his tractor trailer carries a load of 20 tons.)

The witness Ward had been working with steel in the form of railroad tracks for 35 years. He was more familiar with the price of what railroad steel was selling for than he was with the type of steel represented in the pilings used in the Sprague Hopper, but he estimated that the steel of the type in these pilings had a value at that time of approximately $100 a ton. Bagby, the plaintiff's agent having supervision over this property, testified to a valuation of $100 to $125 per ton.

The trial court found from all of the evidence that defendant had converted two loads of steel from the Sprague Hopper, that each of those loads consisted of 20 tons of steel, and that the steel had a value of $100 a ton.

In the review of a court tried case, the judgment is to be affirmed unless there is no substantial evidence to support the judgment; unless it is against the weight of the evidence; unless it erroneously declares the law; or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). A study of the record in this case and the cases cited by defendant discloses no error of law and (giving the deference due to the trial court's judgment as to the credibility of witnesses) the factual determinations are supported by substantial evidence and are not against the weight of the evidence. An extended opinion would have no precedential value, and the judgment is therefore affirmed under the provisions of Rule 84.16(b).